## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

RHODA FRYE,                                     )
      Plaintiff,                               )
                                              )
v.                                              )  **CIVIL ACTION NO.**   2:15-16567
                                              )
PROTECTIVE LIFE INSURANCE                       )
COMPANY,                                        )
      Defendant.                              )
                                              )
_____               )

## DEFENDANT'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Protective Life Insurance Company ("Protective" or "Defendant"), contemporaneously with the filing of this Notice, is effecting the removal of the action described below from the Circuit Court of Mingo County, West Virginia to the United States District Court for the Southern District of West Virginia pursuant to 28 U.S.C. §§ 1332 and 1441(b).

## I.   PLEADINGS AND PROCESS

1.      On or about November 25, 2015, Plaintiff Rhoda Frye commenced this action, filing her original Complaint in the Circuit Court of Mingo County, West Virginia, entitled *Rhoda Frye v. Protective Life Insurance Company, et al.*, Case No. 15-C-268 (the "Action").   At the heart of Plaintiff's Complaint are her

03473013.2

allegations that the Defendant improperly refused payment of the proceeds of Policy No. ZL9876091 (the "Policy"), and Plaintiff seeks to recover the $150,000.00 Policy benefit, among other things.

2.    Attached as Exhibit 1 is a true and correct copy of the docket sheet from the Mingo County action as well as all the process, pleadings, notices, and orders delivered to the removing party in the Circuit Court Action.

3.    Defendant Protective Life Insurance Company was first served with a copy of the Complaint on December 7, 2015.

## II.    DIVERSITY JURISDICTION

4.    This Action is a civil action of which this Court has original federal jurisdiction over this case under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(b) because there was at the time of filing of this Action, and there is now, complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### A.    Citizenship of Plaintiff

5.    Plaintiff is a citizen of Mingo County, West Virginia.  Complaint at ¶ 1.

**B.**    **Citizenship of Defendant**

6.    Protective Life Insurance Company was at the time of the filing of this Action, and is now, a corporation existing under the laws of the State of Tennessee, with its principal place of business in Birmingham, Alabama. Protective Life Insurance Company is therefore a citizen of the State of Tennessee and the State of Alabama for the purposes of this Notice of Removal. 28 U.S.C. § 1332(c)(1); *see also Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 170 (4th Cir. 2014) ("For purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business.") (internal quotations and citations omitted).[1]

**C.**    **Amount in Controversy**

8.    The amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs. Plaintiff alleges four causes of action in the Complaint: (1) breach of contract; (2) breach of duty of good faith and fair dealing; (3) violation of unfair claims settlement practices act; and (4) declaratory relief. Plaintiff's breach of contract claim alone vastly exceeds the minimum $75,000.00 jurisdictional threshold. Specifically, Plaintiff seeks the $150,000.00

---

[1] In her Complaint, Plaintiff also named Dai-Ichi Mutual Life Insurance Company, Limited as a defendant. However, Plaintiff dismissed Dai-Ichi Mutual Life Insurance Company as a defendant prior to this removal on December 22, 2015.

face value of the Policy under this cause of action, alleging that "Defendant[]
unilaterally breached the contract by refusing to pay the amount due and owing
under the applicable life insurance policy." *See* Complaint at ¶¶ 19-23.

Likewise, under her claim for declaratory relief, Plaintiff seeks a declaration
that "the insurance policy was in full force and effect" at the time the insured died
and that Plaintiff is therefore "entitled to the payment of One Hundred and Fifty
Thousand Dollars ($150,000.00), representing the full amount of the policy." *Id.*
at ¶ 32(a) - (c).

Plaintiff additionally seeks punitive damages under her causes of action for
breach of the duty of good faith and fair dealing and violation of unfair claims
settlement practices act.  *See* Complaint at ¶¶ 26, 30.  If Plaintiff prevails at trial,
these damages (in addition to the $150,000.00 alleged breach of contract /
declaratory relief damages) would greatly exceed the $75,000.00 jurisdictional
amount-in-controversy threshold.  *White v. J.C. Penney Life Ins. Co.*, 861 F. Supp.
25, 27 (S.D.W. Va. 1994) ("If relevant state law permits punitive damages on the
facts alleged, such punitive damages are part of the amount in controversy for
jurisdictional amount purposes").

## III.  TIMELINESS OF REMOVAL

9.    Defendant first received a copy of the Complaint in this Action on
December 7, 2015, and this Notice of Removal was filed within 30 days of that

date.

10.    Defendant Protective Life Insurance Company is the only properly-served named Defendant.  As such, no other defendants need join or consent to removal.

11.    Defendants have sought no similar relief with respect to this matter.

## IV.   ALL   OTHER   REMOVAL   PREREQUISITES   HAVE   BEEN   SATISFIED

12.    Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending.

13.    So far as Defendant is aware, no further proceedings have occurred in the Action.

14.    A Notice of Filing of Notice of Removal, with a copy of this Notice of Removal attached, will be promptly filed with the Circuit Court of Mingo County, West Virginia.

15.    Written notice of the filings of this Notice of Removal will be given to the adverse party as required by law.

16.    For all the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).  In the event that any questions should arise with regard to the propriety of the removal of this Action, Defendant requests the

opportunity to present a brief oral argument in support of the positions expressed herein.

Respectfully submitted this 30th day of December, 2015.

PROTECTIVE LIFE INSURANCE COMPANY

By Counsel

/s/ Carrie Goodwin Fenwick
Carrie Goodwin Fenwick (WV State Bar No. 7164)
Elise N. McQuain (WV State Bar No. 12253)
Goodwin & Goodwin, LLP
300 Summers Street, Suite 1500
P.O. Box 2107
Charleston, WV 25328-2107
(304) 346-7000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

RHODA FRYE,                              )
                                        )
    **Plaintiff,**                       )
                                        )
v.                                      )    **CIVIL ACTION NO.**   2:15-16567
                                        )
PROTECTIVE LIFE INSURANCE               )
COMPANY,                                )
                                        )
    **Defendant.**                       )
                                        )
_____ )


### Certificate of Service

I, Carrie Goodwin Fenwick, certify that on this the 30th day of December, 2015, I filed the

foregoing Notice of Removal electronically through the United States District Court for the

Southern District of West Virginia's electronic filing system.  Through that system, opposing

counsel will be notified of this filing.  Additionally, I certify that I have mailed a copy of the

foregoing to via United States mail postage prepaid to opposing counsel at the following addresses:

        Joshua S. Ferrell, Esquire
        Ferrell & Brown, PLLC
        160 E. 2nd Ave.
        Williamson, West Virginia 25661

        Susan Van Zant, Esquire
        Susan J. Van Zant, LC
        P.O. Box 987
        Williamson, West Virginia 25661

                /s/ Carrie Goodwin Fenwick

03473013.2