UNCTION = CHANGE                                          CASE SCREEN 4
   Case number : **15-C-268**                        Action Log
       RHODA FRYE .................. vs. PROTECTIVE LIFE INSURANCE CO...

ine  Date                 Action / Results
  1 11/25/15 CIVIL CASE, COMPLAINT, SUMMONS (MAILED TO SOS) FILED;
  2 11/25/15 PLAINTIFF'S FIRST SET OF INTERROGATORIES REQUEST FOR PRODUCTION
  3          OF DOCUMENT AND REQUEST FOR ADMISSIONS TO DEF PROTECTIVE LIFE
  4          INSURANCE CO FILED;
  5 11/25/15 SERVICE BY SOS - CT CORP MAILED OUT COMPLAINT & PLT'S 1ST SET OF
  6          INTERR; DAI-ICHI MAILED OUT COMPLAINT ONLY
  7 12/08/15 RECEIPT FROM SOS FOR SUMMONS & COMPLAINT FOR DAI-ICHI MUTUAL
  8          LIFE INSURANCE FILED;
  9 12/08/15 RECEIPT FROM SOS FOR INTERR, REQ FOR PROD, REQ FOR ADM, SUMMONS
 10          AND COMPLAINT FOR PROTECTIVE LIFE INSURANCE FILED;
 11 12/22/15 NOTICE OF DISMISSAL OF DAI-ICHI MUTUAL LIFE INSURANCE CO, LTD
 12          FILED;

SUMMONS

IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

RHODA FRYE,
     Plaintiff,

vs                                      Civil Action No.: **15-C-268**

PROTECTIVE LIFE INSURANCE CO.
And DAI-ICHI MUTUAL LIFE INSURANCE CO., LIMITED,
     Defendant.

Serve: PROTECTIVE LIFE INSURANCE CO.

Process Agent:  CT CORPORATION SYSTEM
                  5400 D BIG TYLER ROAD
                  CHARLESTON, WV, 25313

       **IN THE STATE OF WEST VIRGINIA** you are hereby summoned and required to serve upon **Joshua S. Ferrell,** Attorney whose address is **Post Office Box 401; 160 East Second Avenue; Williamson, West Virginia 25661**, an answer including any related counterclaim you may have to the complaint filed against you. You are required to serve your answer **Thirty (30) days** after service of this summons upon you exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting, in another action against you, any claim you may have which must be asserted by counterclaim in the above styled civil action.

Date: **NOV 25, 2015**

                                         CLERK OF THE COURT

                                         Deputy Clerk

IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

RHODA FRYE,                    2015 NOV 25  AM 10: 26

**Plaintiff,**     Mingo County Circuit Clerk

v.                                            Civil Action No.: 15-C-268
                                              Honorable Miki Thompson

PROTECTIVE LIFE INSURANCE CO.,
and DAI-ICHI MUTUAL LIFE INSURANCE CO., LIMITED,

        **Defendants.**

---

## COMPLAINT

COMES NOW, the Plaintiff, Rhoda Frye, by and through counsel, Joshua S. Ferrell and

Nathan D. Brown, of Ferrell & Brown, PLLC, and Susan Van Zant, and Susan J. Van Zant, LC,

and for her cause of action against the Defendant states and avers as follows, to wit:

### PARTIES AND JURISDICTION

1. That the Plaintiff, Rhoda Frye, is a citizen and resident of Mingo County, West Virginia,

   with an address of 95 Litton Hollow Road; Chattaroy, West Virginia.

2. That Defendant, Protective Life Insurance Co., is a corporation organized and formed

   under the laws of the State of Tennessee with a principal office address of 1620 Westgate

   Cir. Ste. 200; Brentwood, Tennessee 37027-8035.

3. That Defendant, Dai-Ichi Life Insurance Co., Limited, is a corporation organized and

   formed under the laws of the State of Delaware with a principal office address of 1133 6th

   Avenue, #28; New York, New York 10036.

4. That at all times relevant hereto Defendant, Protective Life Insurance Company, was a

   foreign corporation transacting business in this state through the sale of insurance.

   Defendant transacts business in various counties in the State of West Virginia, including

   Mingo County.

5. That Defendant, Dai-Ichi Life Insurance Co., Limited, acquired Defendant, Protective Life Insurance Co., and is the parent company of the same. Upon information and belief, Defendant, Protective Life Insurance Company and the representatives thereof, were agents of the parent company Dai-Ichi Life Insurance Co.

6. That the damages incurred by the Plaintiff exceeds this Court's minimal jurisdictional limits.

7. That jurisdiction and venue is proper in this Court as the policy was purchased by the Plaintiff and her deceased spouse in Mingo County, West Virginia, after receive a mail solicitation from the Defendant's predecessor in interest in Mingo County, West Virginia.

### FACTS

8. In or around April 2005, the Plaintiff and her husband, Willie Frye, deceased, purchased life insurance policies from Chase Life Insurance Company. Ultimately, upon information and belief, the Defendant(s) took over the policies and obligations thereunder.

9. Willie Frye was insured under Policy No.: ZL9876091 for the amount of One Hundred and Fifty Thousand Dollars ($150,000.00).

10. Rhoda Frye was the beneficiary of the above-referenced policy.

11. The policy was billed in six (6) month increments and the Defendant(s), or its predecessor in interests, was lenient with payment dates and often accepted late payments or would alter due dates.

12. On November 11, 2014, Willie Frye passed away entitling the Plaintiff to the benefits due under the policy.

13. Shortly after Mr. Frye's death, Plaintiff inquired as to payment of the policy to assist with

funeral costs.   On the telephone a representative of Defendant(s) stated that a payment was due, but they would withhold the payment due from the amount paid out on the policy.

14. The Plaintiff then submitted the claim and death certificate of her husband, Willie Frye.

15. Despite being placed upon proper notice of Mr. Frye's death, the Defendant(s) refused to make the payment due in accordance with the insurance contract.

16. Defendant's representatives contended that the policy had been cancelled for late payment of premiums.   As evidence of their contention, they rely upon documents labeled as "Notice of Payment Due" and "Second Notice of Payment Due" that were allegedly sent.

17. However, a clear, definite, and certain notice of cancellation was not sent or received by the Plaintiff or Willie Frye and the same has not been provided subsequently.

## COUNT I – BREACH OF CONTRACT

18. Plaintiff incorporates all of the allegations and statements contained in the proceeding paragraphs as if stated fully herein.

19. The Defendant(s) unilaterally breached the contract by refusing to pay the amount due and owing under the applicable life insurance policy.

20. The Defendant(s) have refused and continue to refuse to pay the benefits in accordance with the insurance policy.

21. The actions of the insurance company constitute a breach of the aforementioned contract of insurance.

22. The acts and omissions of the insurance company were in willful, wanton, intentional, and malicious disregard of Plaintiff's rights under the contract of insurance, thus entitling

the Plaintiff to punitive damages.

23. That due to the acts and/or omissions of the Defendant(s), the Plaintiff has suffered financial difficulties, aggravation, inconvenience and emotional distress.

**COUNT II – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

24. Plaintiff incorporates all of the allegations and statements contained in the proceeding paragraphs as if stated fully herein.

25. The acts and omissions of the Defendant(s) violated the duty of good faith and fair dealing, which is owed to the Plaintiff.

26. As a direct and proximate result of the acts alleged in this count of the Complaint, the Plaintiff has sustained damages in the amount of policy proceeds; prejudgement interest, aggravation, inconvenience, emotional distress, and financial difficulties.

**COUNT III – VIOLATION OF UNFAIR CLAIMS SETTLEMENT PRACTICES ACT**

27. Plaintiff incorporates all of the allegations and statements contained in the proceeding paragraphs as if stated fully herein.

28. The acts and omissions of the insurance company were in violation of the West Virginia Unfair Claims Settlement Practices Act as well as the regulations promulgated thereunder, including, but not limited to West Virginia Code Section 33-11-4(9) (a) misrepresenting pertinent facts on insurance policy provisions related to coverages at issue; (b) failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies; (c) failing to adopt and implement reasonable standards for te prompt investigation of claims arising under insurance policies; (d) refusing to pay claims without conducting a reasonable investigation based upon all available information; (e) not attempting in good faith to effectuate prompt, fair,

and equitable settlements of claims in which liability has become reasonably clear; (f) competing insureds to institute ligation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insured, when such insureds have made claims for amounts reasonably similar to the amounts recovered; (g) attempting to settle a claim for less than the amount to which a reasonable person would have believed he/she was entitled by reference to written or printed advertising material accompanying or made part of an application; (h) delaying the investigation or payment of claims by requiring an insured, claimant, or the physician of either to submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both which submissions contain substantially the same information; and (I) failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law of denial of a claim or for the offer of a compromise settlement.

29. Upon information and belief, the Defendant(s) violated the West Virginia Unfair Claims Settlement Practices Act with such frequency as to indicate a general business practice.

30. As a direct and proximate result of the acts alleged, the Plaintiff has sustained damages in the amount of the policy proceeds; prejudgment interest; inconvenience and emotional distress, financial difficulties, and is entitled to punitive damages.

## COUNT IV – DECLARATORY JUDGMENT

31. Plaintiff incorporates all of the allegations and statements contained in the proceeding paragraphs as if stated fully herein.

32. Based upon the foregoing, Plaintiff respectfully requests the following declaratory judgment:

    a.  That the insurance policy was in full force and effect.

    b.  That the insurance policy was not cancelled.

    c.  That the Plaintiff is entitled to the payment of One Hundred and Fifty Thousand Dollars ($150,000.00), representing the full amount of the policy.

    d.  That the Defendant(s) are required to pay pre-judgment interest on all monies due and owning because of the Defendant('s) failure to comply with the insurance policy.

    e.  That the Defendant(s) are required to pay any and all fees and expenses incurred by the Plaintiff in pursuing this action.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant in an amount in excess of the minimum jurisdictional limits of the Court, the assessment of punitive damages against the Defendant, as well as attorney fees, costs, and litigation expenses, and for such other and further relief as the Court deems proper.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Plaintiff, Rhoda Frye,
By Counsel:

Joshua S. Ferrell (WVSB# 11607)
Nathan D. Brown (WVSB #12264)
Ferrell & Brown, PLLC
160 E. 2nd Ave.
Post Office Box 401
Williamson, West Virginia 25661
304.235.5674 (telephone)
304.235.5675 (facsimile)
Josh@FerrellandBrown.com

and

Susan Van Zant (WVSB# 5448)
Susan J. Van Zant, LC

Post Office Box 987
Williamson, West Virginia 25661
304.235.4540 (telephone)
304.235.5266 (facsimile)

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305







**USPS CERTIFIED MAIL™**

9214 8901 1251 3410 0000 8843 06

**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
Phone:  304-558-6000
866-767-8683
**Visit us online:**
www.wvsos.com

PROTECTIVE LIFE INSURANCE COMPANY
C. T. Corporation System
5400 D Big Tyler Road
CHARLESTON, WV 25313

**Control Number:** 81915

**Defendant:** PROTECTIVE LIFE INSURANCE
COMPANY
5400 D Big Tyler Road
CHARLESTON, WV 25313 US

**Agent:** C. T. Corporation System

**County:** Mingo

**Civil Action:** 15-C-268

**Certified Number:** 92148901125134100000884306

**Service Date:** 12/1/2015

I am enclosing:

**1 interrogatories, 1 request for production, 1 request for admissions, 1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted
service of process in the name and on behalf of your authorized insurance company.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process  in the name and on behalf of your authorized insurance company as your attorney-in-fact.  Please address any
questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the
Secretary of State's office.***

Sincerely,

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

 **CT Corporation**

**Service of Process Transmittal**
12/07/2015
CT Log Number 528282315

**TO:**     Ven Wells
Protective Life Corporation
2801 Highway 280 S Ofc
Birmingham, AL 35223-2488

**RE:**     **Process Served in West Virginia**

**FOR:**    Protective Life Insurance Company  (Domestic State: TN)
*According to our records representation services for this entity have been discontinued in this jurisdiction.*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RHODA FRYE, Pltf. vs. PROTECTIVE LIFE INSURANCE CO., and DAI-ICHI MUTUAL LIFE INSURANCE CO., LIMITED, Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, First Set of Interrogatories |
| **COURT/AGENCY:** | Mingo County Circuit Court, WV Case # 15C268 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Charleston, WV |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/07/2015 postmarked on 12/03/2015 |
| **JURISDICTION SERVED :** | West Virginia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this summons upon you exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Joshua S. Ferrell Ferrell & Brown, PLLC 160 E. 2nd Ave. Williamson, WV 25661 304-235-5674 |
| **REMARKS:** | Kindly note that the papers were served on 12/03/2015 the secretary at the State Capitol of West Virginia on 12/01/2015 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/08/2015, Expected Purge Date: 12/13/2015 |
| | Image SOP |
| | Email Notification,  Ruth Hartley  ruth.hartley@protective.com |
| | Email Notification,  Ven Wells  ven.wells@protective.com |
| | Email Notification,  David Loper  david.loper@protective.com |
| | Email Notification,  Brittany Keith  brittany.keith@protective.com |
| | Email Notification,  Jo Anne Jolley  JOANNE.JOLLEY@PROTECTIVE.COM |

Page 1 of  2 / SS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
12/07/2015
CT Log Number 528282315

**TO:**   Ven Wells
Protective Life Corporation
2801 Highway 280 S Ofc
Birmingham, AL 35223-2488

**RE:**   **Process Served in West Virginia**

**FOR:**   Protective Life Insurance Company  (Domestic State: TN)
*According to our records representation services for this entity have been discontinued in this jurisdiction.*

Email Notification,  Margaret Gaddy  margaret.gaddy@protective.com

Email Notification,  Ky Sevier  ky.sevier@protective.com

**SIGNED:**   C T Corporation System
**ADDRESS:**   5400 D Big Tyler Road
Charleston, WV 25313
**TELEPHONE:**   919-821-7139

Page 2 of  2 / SS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



CERTIFIED MAIL

PITNEY BOWES

02 1R $ 06.71⁰
0002009608   DEC 03 2015
MAILED FROM ZIP CODE 25311



BUSINESS & LICENSING
1610 - 00

1

IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

RHODA FRYE,                    2015 NOV 25  AM 10: 26

                              Mingo County Circuit Clerk
          **Plaintiff,**

v.                                      Civil Action No.: 268
                                        **Honorable Miki Thompson**

**PROTECTIVE LIFE INSURANCE CO., et al.,**

          **Defendants.**

---

**PLAINTIFF'S FIRST SET OF
INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS, AND
REQUEST FOR ADMISSIONS
TO DEFENDANT PROTECTIVE LIFE INSURANCE CO.**

---

Comes now the Plaintiff, by and through counsel and serves Plaintiff's First Set Of Interrogatories, Requests For Production of Documents, and Requests for Admission to Defendant Protective Life Insurance Co. Pursuant to Rules 33, 34, and 36 of the West Virginia Rules of Civil Procedure, you are required to answer the following interrogatories separately and fully, in writing and under oath, and to produce the requested documents and to serve your answers upon the undersigned, all within forty-five (45) days after service of these interrogatories upon you.

Plaintiff further requests that the Defendant respond to this Motion to Produce and provide said documents within forty-five (45) days of service of this request upon you. Please note that all to be produced are to be produced at the offices of Plaintiff's counsel at 160 E. 2nd Avenue, Williamson, West Virginia 25661.

As used herein, the term "document" means any medium upon which intelligence or information can be recorded or retrieved and includes, without limitation, the original, if available, or a true copy, regardless of origin and location, of any book, pamphlet,

periodical, letter, memorandum (including any memoranda report or minutes of a meeting or conversation), e-mail, invoice, bills, order form, receipt, financial statement, accounting entry, diary, deposition, trial transcript, legal pleadings, calendar, telegram, cable report, record, contract, agreement, study, handwritten note, draft working paper, chart paper, print, laboratory records, drawings, sketches, graphs, index, list, tape, photograph, microfilm, data sheet, data processing card, plan, specification list, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, which is in your possession, custody and/or control.

Under the provisions of Rules 26 and 36 of the West Virginia Rules of Civil Procedure, you are hereby required to admit or deny the following Request for Admission, under oath, and to serve your response on the undersigned within forty-five (45) days after service upon you. This request is continuing in nature and requires supplemental or additional answers as required by Rule 26(e) of the West Virginia Rules of Civil Procedure.

For any request denied, you are hereby specifically requested to state in detail all reasons and authority for such denial.

Please observe the following conditions that attach to these interrogatories:

a. These interrogatories are continuing in character, so as to require you to file supplementary answers if further information is obtained;

b. Where the name or identity of a person is requested, state the full name, home and business address;

    c.     Unless otherwise indicated, these interrogatories refer to the time, place and circumstances of the occurrence complained of in the pleadings in this case; and

    d.     Where knowledge, information or possession of a party is requested, such request includes knowledge of the party's agents, representatives, and, unless privileged, attorneys.

    e.     "Action" or "Complaint" or "Case" or "Incident" refers to the instant civil action that is the subject of this litigation and any facts or allegation contained within the Complaint.

<u>Interrogatories</u>

1. Please state the full and correct name of the Defendant business entity and all parent companies and subsidiaries.

**ANSWER:**


2. Please identify by name and title each and every person who has answered or helped answer these Interrogatories.

**ANSWER:**


3. Please identify each person, whether current or formerly, of employ with Defendant who has any knowledge or has taken any action on behalf of the Defendant with regard to the handling of the claim. This interrogatory seeks the name of every employee of the defendant who had anything to do with the claim, including, but not limited to, the adjusters, branch claims representatives, regional

or home office claims auditors or claims examiners, all claims managers and claims supervisors at any level, executive officers of the defendant company, and all members of any review committee or claims committee.

**ANSWER:**

4. Please describe when and how Defendant assumed control of the life insurance policy in question.

**ANSWER:**

5. Please identify by name, address, and title or office held within the defendant each person who was involved in any way with the claim or court action brought by the Plaintiff and who held each of the following titles or offices:

    a. Adjuster and/or Claim Representative;

    b. Supervisor;

    c. Claims manager;

    d. Regional manager; and,

    e. Home office supervisor.

**ANSWER:**

6. Please identify each person not in the employ of the Defendant who has any knowledge or has taken any action on behalf of or at the request of the Defendant with regard to the Plaintiff's claim. This interrogatory seeks the name of every person, firm, or corporation with whom the Defendant had any contact, including

independent adjusters or independent adjusting firms, private investigators, physicians or other health care practitioners, economists, accountants, experts, or any other firm, person, or corporation, concerning the claim.

**ANSWER:**

7. Please identify any insurance policies that the Defendant has that would apply to the allegations contained in the Plaintiff's Complaint.

**ANSWER:**

8. Please describe each file that was opened, created, or maintained by the Defendant relating in any way to the policy or claim, including the complete name or title of the file, its complete file number or other identify designation, its present custodian and physical location within the defendant, and its general purpose or business classification. This interrogatory seeks the identification of each "claim file" and each "underwriting file", under whatever designation or description, and every copy or duplicate thereof which may exist within the defendant.

**ANSWER:**

9. Please state whether or not any information or data of any kind pertaining to the policy, the claim, the claims-handling or underwriting activities of the defendant, or any reports, communications, or data of any kind, are maintained on any electronic media, such as computer data files, electronic mail, or any equivalent.

If the answer is in the affirmative, please describe the contents, whether or not hard copies exist, the custodian of such data, and the appropriate location within the company for retrieval of the data.

**ANSWER:**


10. Has the Defendant obtained or secured any reinsurance with any reinsurer on any portion of the coverage written on the Plaintiff? If so, please state the name, business address, telephone number, policy identification number, and liability limits of each such reinsurance.

**ANSWER:**


11. Identify each document containing statements of policy, policy guidelines, administrative bulletins, intercompany memoranda or other documents of any kind, promulgated by the Defendant and disseminated or distributed to its employees, relating to the standard, recommended, or expected procedures for the administration, evaluation, determination, and payment of claims.

**ANSWER:**


12. With regard to the issuance of Plaintiff's policy, please state:

    a. The date you first received notification of the issuance;

    b. The name and title of the individual reviewing the issuance of any such policy; and

    c.  Any contact made directly to the Plaintiff regarding the issuance of such

       policy.

**ANSWER:**


13. With regard to the Plaintiff's claim for benefits, please state:

    a.  The date you first received such claim;

    b.  What documentation you received regarding such claim;

    c.  That date you terminated payment of the claim;

    d.  The reason for terminating payments under the policy;

    e.  The individual who terminated payments under the policy; and,

    f.  The supervisor, if applicable, of the individual who terminate payments

      under the policy.

**ANSWER:**


14. At the time of the occurrence detailed in the Plaintiff's Complaint, what

    instruction had been given to officers, employees, agents, and any other persons

    involved in the handling of claims regarding payment, denial of payment, or

    termination of payment, regarding the applicable life insurance polic(ies).

**ANSWER:**


15. Please identify the individuals within the Defendant, including title and function,

    who are responsible for determining, promulgating, and overseeing company

policies and standard procedures for the administration, evaluation, determination, and payment of claims by the Defendant.

**ANSWER:**

16. Please describe in complete detail each and every communication, in whatever form, between the Defendant and Plaintiff concerning the subject matter of the alleged occurrence, including for each such communication:

    a.  The time and place at which it was made;

    b.  The name and address of each person who participated in, witnessed, or has any direct knowledge of such communication, and the relationship of any such person to the Defendant;

    c.  The medium, if any, through which such communication was made (e.g., telephone, mail, messenger, etc.);

    d.  The exact wording of each verbal communication, whether oral or written, giving all statements in chronological order with the person making each statement clearly identified.

**ANSWER:**

17. Please describe in complete detail each and every communication, in whatever form, between the Defendant and Plaintiff concerning the issuance of the applicable policy of insurance, including for each such communication:

    a.  The time and place at which it was made;

    b.  The name and address of each person who participated in, witnessed, or has any direct knowledge of such communication, and the relationship of any such person to the Defendant;

    c.  The medium, if any, through which such communication was made (e.g., telephone, mail, messenger, etc.);

    d.  The exact wording of each verbal communication, whether oral or written, giving all statements in chronological order with the person making each statement clearly identified.

**ANSWER:**

18. Has the Defendant or anyone acting on its behalf, ever taken or received any statement, either orally or in writing, from any person, relating to this occurrence? If so, please state the name of the person who gave the statement, who took the statement, its date, its substance, and whether counsel may obtain a copy of any such statement.

**ANSWER:**

19. Please identify each and every person you expect to call as an expert witness at the trial of this matter and for each expert witness, please state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and summary of the grounds for each opinion.

ANSWER:

20. Please identify each and every rule, regulation, statute, or other authority upon which you and/or your attorney rely in asserting that the Plaintiff and/or any other person or entity is somehow at fault, and not the defendant, for the conduct which is the subject of the complaint filed in this action.

ANSWER:

21. Please identify by name all claims and lawsuits within the past five (5) years alleging that the Defendant acted in bad faith.  For each claim please identify:

    a.   The date the claim was made or the lawsuit filed;

    b.   The Court in which such lawsuit was filed;

    c.   The name and address of all parties, complainants, or other individuals involved;

    d.   The claims and allegations of each such complaint; and,

    e.   The disposition of each said complaint or lawsuit.

ANSWER:

22. Describe any and all steps taken by Defendant regarding the denial of Plaintiff's claim under the applicable policy.

ANSWER:

23. Please identify and describe all orientation, classes, and/or seminars given and/or sponsored by the Defendant in order to qualify for employment as an adjuster and/or claims representative with the Defendant.

**ANSWER:**

24. With respect to Interrogatory No. 2, identify the Answers, or portions of Answers, for which the listed individuals are responsible or which he or she assisted in preparing.

**ANSWER:**

Requests For Production

1. Please produce a copy of all documents you relied upon in answering the preceding interrogatories.

**RESPONSE:**

2. Please produce a copy of any written or tape-recorded statements, not previously produced, that you or the plaintiff or any other witness has given to any person or entity, other than your attorney, related, in any way, to the allegations referenced in the complaint.

**RESPONSE:**

3. Please produce a copy of any and all reports, written or recorded statements, recordings, memoranda, or testimony, whether signed or not, of any witness or person believed or understood by you to have knowledge of any of the matters which are the subject of this action.

**RESPONSE**:

4. If you have been a party to any type of lawsuit or settled a claim relating to allegations that you acted in bad faith prior to a lawsuit being filed, within the past ten (10) years, please produce a copy of any and all documents pertaining to such claim or lawsuit, including a copy of the complaint, if applicable, and transcripts of any depositions.

**RESPONSE**:

5. Please produce each and every recordation, telephonic memorandum, note, or other document of any nature whatsoever in your possession concerning the Plaintiff's claim for benefits.

**RESPONSE**:

6. Please produce any claims manuals and written procedures for Defendant's employees regarding claims handling, payment of claims, denial of claims, and termination of payment of claims, both current and in effect at the time of the termination of the payments under the Plaintiff's policy.

**RESPONSE**:

7. Please produce a copy of all correspondence between Defendant and the Plaintiff.

**RESPONSE**:

8. Please produce the personnel file of each agent or employee of Defendant who reviewed and/or handled Plaintiff's claim.

**RESPONSE:**

9. Please produce a copy of all internal procedure writings or memorandum concerning the handling of claims, including terminating payments and denying payment.

**RESPONSE:**

10. Please produce a copy of all educational materials, source books, or source references used during the past ten (10) years in the training of Defendant employees, agents, or other personnel involved in the sale of insurance coverage and/or the handling of claims.

**RESPONSE:**

11. Please produce a copy of all staff, employee, and/or independent contractor policies and procedures for Defendant, formal or informal, written or otherwise recorded, included but not limited to those policies and procedures regarding the hiring and firing of staff, personnel, agents, and contractors; the promotion and demotion of said individuals; the handling and investigating of claims; the responsibilities of claims adjusters and administrators; as well as the duties and responsibilities of Defendant.

**RESPONSE:**

12. Please produce a copy of all insurance policies applicable to the claims asserted against you in this action, including, but not limited to, any excess or umbrella policies.

**RESPONSE:**

13. Please produce the entire claim file associated with the Plaintiff and/or the occurrence detailed in the Complaint, cover-to-cover, including the original jackets with everything contained in the file, including, but not limited to:

    a.   All notations;

    b.   All telephone messages to you or from you or any employee;

    c.   All claims forms;

    d.   Investigative reports;

    e.   Office memoranda; and

    f.   Correspondence amongst independent agencies or investigators.

**RESPONSE:**

14. Please produce copies of any exhibit you intend to use a trial.

**RESPONSE:**

15. Produce copies of all correspondence, e-mail, documents, photographs, video tape recordings, audio recordings, compact disc, DVDs, drawings, reports, or any other

document or tangible evidence provided by defendant or defendant's counsel to
any and all of defendant's expert witnesses.

**RESPONSE:**


16. Produce copies of all correspondence, e-mail, documents, photographs, video tape
recordings, audio recordings, compact disc, DVDs, drawings, reports, or any other
document or tangible evidence provided by any and all of defendant's experts to
defendant or defendant's counsel.

**RESPONSE:**


17. Please produce a copy of the receipts or records of payments made by or on
behalf of Willie Frye for the applicable life insurance policy.

**RESPONSE:**

18. Please produce a copy of any applicable Notices, including any document you
allege to be a Notice of Cancellation.

**RESPONSE:**

19. Please produce a privilege log for any documents responsive to the above
discovery request that you are withholding based upon any claim of privilege.

**RESPONSE:**


<u>Requests For Admission</u>

1. Please admit that an insurance company must treat its policyholder's interests
with equal regard as it does its own interest. If, however, the response to this

request is anything other than an unequivocal admission, provide documentation that supports the denial, including but not limited to factual information that would support your position or statutory authority and relevant case law.

**RESPONSE**:

2. Please admit that the business of insurance is highly specialized, with policy-holders particularly vulnerable and dependent on their insurance company. If, however, the response to this request is anything other than an unequivocal admission, provide documentation that supports the denial, including but not limited to factual information that would support your position or statutory authority and relevant case law.

**RESPONSE**:

3. Please admit that you had a duty to make payment under the applicable insurance policy. If, however, the response to this request is anything other than an unequivocal admission, provide documentation that supports the denial, including but not limited to factual information that would support your position or statutory authority and relevant case law.

**RESPONSE**:

4. Admit that a Notice of Cancellation was never sent to Willie Frye or Rhoda Frye. If, however, the response to this request is anything other than an unequivocal admission, provide documentation that supports the denial, including but not

limited to factual information that would support your position or statutory
authority and relevant case law.

**RESPONSE:**

5. Admit that every person who participated in the preparation of the answers and
responses to the preceding interrogatories, requests for production, and requests
for admission made a thorough and complete search of all applicable records prior
to answering each and every one of the interrogatories, requests for production,
and requests for admissions. If, however, the response to this request is anything
other than an unequivocal admission, provide documentation that supports the
denial, including but not limited to factual information that would support your
position or statutory authority and relevant case law.

**RESPONSE:**

Respectfully submitted,

Joshua S. Ferrell (WVSB No. 11607)
Ferrell & Brown, PLLC
160 East 2nd Avenue
Williamson, West Virginia 25661
304-235-5674 (telephone)
304-235-5675 (facsimile)
Josh@FerrellandBrown.com (email)

IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

RHODA FRYE,

                2015 DEC 22  PM 3: 13

        Plaintiff,     Mingo County Circuit Clerk

v.                                      Civil Action No.:15-C-268
                                      Honorable Miki Thompson

PROTECTIVE LIFE INSURANCE CO.,
and DAI-ICHI MUTUAL LIFE INSURANCE CO., LIMITED,

        Defendants.

---

## NOTICE OF DISMISSAL OF DAI-ICHI MUTUAL LIFE INSURANCE CO., LIMITED

Comes now, the Plaintiff, Rhoda Frye, by and through counsel, Joshua S. Ferrell, of Ferrell & Brown, PLLC, and files this Notice of Dismissal of Dai-Ichi Mutual Life Insurance Co., Limited, pursuant to Rule 41(a)(1)(i) of the West Virginia Rules of Civil Procedure. Pursuant to the aforementioned rule, as Dai-Ichi Mutual Life Insurance Co., Limited, ("Dai-Ichi"), has not filed a responsive pleading or motion, Dai-Ichi will be DISMISSED WITHOUT PREJUDICE without the need of a Order from the Court.

                                      Plaintiff, Rhoda Frye,
                                          By Counsel:

                                            Joshua S. Ferrell (WVSB# 11607)
                                            Ferrell & Brown, PLLC
                                            160 E. 2nd Ave.
                                        Williamson, West Virginia 25661
                                        304.235.5674 (telephone)

                                            and

                                        Susan Van Zant (WVSB# 5448)
                                        Susan J. Van Zant, LC
                                        Post Office Box 987
                                        Williamson, West Virginia 25661
                                        304.235.4540 (telephone)